

WILMINGTON
RODNEY SQUARE

NEW YORK
ROCKEFELLER CENTER

**David C. McBride**
P 302.571.6639
F 302.576.3315
dmcbride@ycst.com

November 5, 2021

**BY CM/ECF & HAND DELIVERY**

The Honorable Maryellen Noreika
United States District Court
for the District of Delaware
844 North King Street
Wilmington, DE 19801

    Re:   *Adams v. Carney*, C.A. No. 20-1680-MN

Dear Judge Noreika:

    This letter is Defendant's submission concerning the Third Circuit's decision in *Ellison v. Am. Bd. of Orthopaedic Surgery*, 11 F.4th 200 (3d Cir. 2021). In *Ellison*, the District Court granted the defendant's motion to dismiss for failure to state a claim, but the Third Circuit sustained the dismissal based upon a lack of standing. *Id.* at 202-03. The plaintiff was a California orthopedic surgeon who desired to move to Northern New Jersey and practice surgery at one of several hospitals. The hospitals required doctors be certified by American Board of Orthopaedic Surgery ("ABOS") in order to obtain staff privileges. The plaintiff had applied for certification and passed the first step of that process, but ABOS prohibited him from taking the second step until he first obtained medical staff privileges at a hospital. *Id*. at 203. The hospitals, however, would not grant staff privileges unless the doctor first was certified. *Id.* The court assumed it was futile for the plaintiff to apply to any of the hospitals, *id.* 208, and described the plaintiff as caught in a "Catch-22." *Id.* at 203. Nonetheless, the Court concluded that the plaintiff lacked standing because (1) he had not applied for a position with any of the hospitals (even though futile), *id.* at 207; 2) his seeking certification by the ABOS was not sufficient to establish standing because such certification could also be consistent with a desire to practice elsewhere, *id.* at 208, and (3) he had not alleged any other facts demonstrating a desire to practice orthopedic surgery in New Jersey. *Id*. at 208.

    Defendant respectfully submits that (1) *Ellison* supports dismissal of Mr. Adams' Amended Complaint because the allegations of standing in this action are more deficient than those in *Ellison* and (2) the "imminence" standard articulated in *Ellison* is consistent with that set forth by Defendant, specifically that Plaintiff must allege facts demonstrating an application to Superior Court is at least reasonably probable or certainly impending and that such a probable application also is "imminent." (D.I. 20 at 15) These elements were articulated in *Carney v. Adams*, 141 S. Ct. 493,499-500, 501-02 (2020), upon which the Third Circuit relied in *Ellison*. Indeed *Ellison*

Young Conaway Stargatt & Taylor, LLP
The Honorable Maryellen Noreika
November 5, 2021
Page 2

cited *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) for the principle that more than mere probability is required, and the allegations must establish that an application is "certainly impending." *Id*. at 205.  In addition, the Third Circuit cited *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 564 (1992) and *Carney v. Adams*, 141 S. Ct. at 502 for the additional requirement that the application also be "imminent" and not temporally indefinite. *Id*. at 207.  The Third Circuit does state "[a] plaintiff who alleges that he has been denied a benefit or opportunity for which he did not actually apply must generally plead enough facts to show that he is 'able and ready' to apply…This requirement lends concrete substance and imminence to an injury that would otherwise be purely hypothetical." *Ellison* at 206.  We respectfully submit that this passage uses the phrase "able and ready" as a shorthand for all of the facts needed to establish a probable and imminent injury and is not intended to displace those requirements expressly set forth elsewhere in *Ellison* and in *Carney*.  As the Third Circuit states, whether a plaintiff is "able and ready" turns on many factors and "is not reducible to a strict rule." *Id*. at 206-07.

Finally, we respectfully submit that Mr. Adam's alleged facts regarding standing are more deficient than those alleged in the dismissed *Ellison* complaint.  First, Mr. Adams not only has failed to allege an application to the Superior Court in the past four years, but he affirmatively alleges he did not apply when unobstructed from doing so.  Second, in *Ellison*, the plaintiff's excuse for not applying for a staff position was that his reputation would be injured by making a futile application and being denied a staff position.  The Third Circuit accepted this excuse as reasonable. *Id*. at 208.  This excuse was not inconsistent with the desire to join the medical staff of one of the hospitals.  Mr. Adams' excuse for not applying when unobstructed was that his real estate investments were a higher priority than his desire to be a judge.  Mr. Adam's excuse is facially inconsistent with his alleged interest in being a judge.  In *Ellison*, the Court implicitly held that the plaintiff's failure to apply was not obviated by his reasonable excuse for not doing so. *Id*. at 208.  The same is more true here where the alleged excuse is facially inconsistent with Mr. Adam's alleged desire to be a judge.  Third, *Ellison* held that the plaintiff seeking ABOS certification was insufficient to establish an intention to apply for a hospital position in New Jersey because that certification, although obviously consistent with seeking such a hospital position, did not necessarily mean that the plaintiff would apply for one from which he was barred in New Jersey.  The certification could be used elsewhere. *Id*. at 208.  The same is true here with respect to Mr. Adams' applications to the Court of Common Pleas.  Those applications may be consistent with his alleged interest in being a judge, but these applications also are consistent with Mr. Adams seeking judicial opportunities other than on the Superior Court, the only Court from which he is barred by the Delaware Constitution.  Finally, the plaintiff in *Ellison* had not already been found to have filed suit because of a general grievance.  Mr. Adams was found to have done so in what is literally Part I of this pending action.

                                        Respectfully submitted,

                                        */s/ David C. McBride*

                                        David C. McBride (No. 408)

cc:  David L. Finger (via e-filing)
      Randy J. Holland (via e-filing)