IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES R. ADAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 20-1680-MN |
| | ) |
| THE HON. JOHN CARNEY, | ) |
| Governor of the State of Delaware, | ) |
| | ) |
| Defendant. | ) |

**THE HON. JOHN CARNEY'S ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER 42 U.S.C. §1983**

The Honorable John Carney ("Governor Carney"), by and through the undersigned counsel, hereby answers the Second Amended Complaint (D.I. 32). All averments not expressly admitted are denied.

**INTRODUCTION**

1. This paragraph states legal conclusions to which no response is required.

**PARTIES**

2. Governor Carney is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

3. Admitted that Governor Carney is the Governor of the State of Delaware. The second and third sentences are denied as stated, but admitted that, pursuant to Article IV, Section 3 of the Delaware Constitution, appointments to the office of the State Judiciary shall be made by the Governor, by and with the consent of a majority of all the members elected to the Senate. Denied as alleged as to the remaining allegations in this paragraph.

## VENUE, SUBJECT MATTER JURISDICTION AND STANDING

4. This paragraph states jurisdictional conclusions of law to which no response is required.

5. This paragraph states jurisdictional conclusions of law to which no response is required.

6. Governor Carney is without knowledge or information sufficient to form a belief as to the truth or falsity regarding the last sentence. Denied as alleged as to the remaining allegations in this paragraph.

## BACKGROUND

7. Governor Carney is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegation that part of Article IV, § 3 of the Delaware Constitution of 1897 is "unique to Delaware." The remaining allegations in this paragraph purport to quote provisions of the Delaware Constitution, to which no response is required.

8. This paragraph states legal conclusions to which no response is required.

9. Admitted that Plaintiff filed suit in the District of Delaware on February 21, 2017, that the parties cross-moved for summary judgment, and that the court issued a Memorandum Opinion on December 6, 2017. Denied as alleged as to the remaining allegations in this paragraph.

10. Admitted.

11. Admitted that on June 25, 2018, the court granted Governor Carney's motion to stay pending appeal to the Third Circuit. Admitted further that, as alleged in footnote 1 to this paragraph, attached as Exhibit A is what purports to be a letter dated February 1, 2018 from the Judicial Nominating Commission to Plaintiff informing Plaintiff that his name would not be forwarded to Governor Carney as a prospective nominee for the position of Judge of the Superior

Court of the State of Delaware.  Admitted further that attached as Exhibit B is what purports to be a letter dated May 8, 2018 from the Judicial Nominating Commission to Plaintiff informing Plaintiff that his name would not be forwarded to Governor Carney as a prospective nominee for the position of Judge of the Court of Common Pleas of the State of Delaware.  Governor Carney is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in footnote 1 to this paragraph.

12. Admitted that on April 10, 2019, the Third Circuit issued a Revised Opinion affirming in part the decision of the District of Delaware.  Admitted further that Governor Carney did not request a stay pending appeal to the United States Supreme Court.  Admitted that after the Third Circuit ruling became final and before the United States Supreme Court reversed that ruling, the Judicial Nominating Commission did not require that nominees to judicial vacancies be members of a major political party. The remaining allegations in this paragraph state legal conclusions to which no response is required.

13. Admitted that on September 4, 2019, Governor Carney filed a petition for certiorari with the United States Supreme Court.  Admitted further that on December 6, 2019, the United States Supreme Court granted Governor Carney's petition.

14. Governor Carney is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, except admitted that during the period from April 10, 2019 to December 10, 2020 Adams did not apply for a judicial position on the Delaware Supreme Court, Court of Chancery or Superior Court and denied that the reasons Adams did not apply for such positions are as alleged in this paragraph and denied that Adams objectively plans to be a judge.

15. Admitted that two Superior Court judgeships in New Castle County became available in April and November of 2019 and that Adams did not apply for either of these positions. Governor Carney is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph, except denied that the reasons Adams did not apply for those positions are as alleged in this paragraph.

16. Admitted that on February 26, 2020, a vacancy was announced on the Court of Common Pleas of the State of Delaware. Admitted further that attached as Exhibit C is what purports to be a letter dated April 29, 2020 from the Judicial Nominating Commission to Plaintiff informing Plaintiff that his name would not be forwarded to Governor Carney as a prospective nominee for the position of Judge of the Court of Common Pleas of the State of Delaware.

17. Admitted that on December 10, 2020, the United States Supreme Court issued its Opinion that Plaintiff did not have standing to sue and reversed the decisions of the lower courts. The remaining allegation in this paragraph states a legal conclusion to which no response is required.

18. Admitted that on January 19, 2021, a vacancy was announced on the Court of Common Pleas of the State of Delaware and what purports to be the vacancy notice is attached as Exhibit D. Admitted further that attached as Exhibit E is what purports to be a letter dated March 12, 2021 from the Judicial Nominating Commission to Plaintiff informing Plaintiff that his name would not be forwarded to Governor Carney as a prospective nominee for the position of Judge of the Court of Common Pleas of the State of Delaware.

19. Admitted that on March 18, 2021, a vacancy was announced on the Superior Court of the State of Delaware and what purports to be the vacancy notice is attached as Exhibit F. Admitted further that attached as Exhibit G is what purports to be a letter dated May 26, 2021 from

the Judicial Nominating Commission to Plaintiff informing Plaintiff that his name would not be forwarded to Governor Carney as a prospective nominee for the position of Judge of the Court of Common Pleas of the State of Delaware.

## COUNT I
(Violation of Freedom of Political Association under
the First Amendment and 42 U.S.C. §1982)

20. Governor Carney restates and incorporates by reference its responses set forth in paragraphs 1-19 above as if fully set forth herein. Denied that Plaintiff has a claim under "42 U.S.C. §1982" which is a statute inapplicable to Plaintiff's alleged claim.[1]

21. This paragraph states legal conclusions to which no response is required.

22. This paragraph states legal conclusions to which no response is required.

23. This paragraph states legal conclusions to which no response is required.

24. This paragraph states legal conclusions to which no response is required.

25. This paragraph states legal conclusions to which no response is required. To the extent a response is required, denied that Delaware judges do not set forth policy or otherwise serve as policymakers in the State of Delaware.

26. Denied as alleged.

27. Denied as alleged.

---

[1] *See* 42 U.S.C § 1982 ("All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property.").

## COUNT II
(Violation of the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States and 423 U.S.C. §1983)

28. Governor Carney restates and incorporates by reference its responses set forth in paragraphs 1-27 above as if fully set forth herein. Denied that Plaintiff has a claim under "423 U.S.C. §1983" which is a non-existent statute.

29. Denied as alleged.

30. Denied as alleged.

31. Denied as alleged. Footnote 2 states legal conclusions to which no response is required.

## PRAYER FOR RELIEF

Denied that Plaintiff is entitled to any of the requested relief, including costs and fees. Governor Carney denies any and all allegations not heretofore admitted or denied.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. Plaintiff's claims are jurisdictionally barred in whole or in part by Eleventh Amendment sovereign immunity.

2. Plaintiff lacks standing to pursue his claims.

3. Plaintiff's claims are moot, not ripe, or otherwise not justiciable.

4. Plaintiff fails to state a claim to relief.

5. Governor Carney reserves the right to assert additional defenses in the future to the extent warranted by discovery.

**WHEREFORE**, Governor Carney respectfully requests that the Second Amended Complaint be dismissed with prejudice and that this Court grant such further relief as it deems just and proper.

Dated:  October 7, 2022

*Of Counsel*:

WILSON SONSINI GOODRICH
   & ROSATI, PC

Michael W. McConnell
650 Page Mill Road
Palo Alto, CA 94304
(650) 493-9300

Steffen N. Johnson
G. Edward Powell III
1700 K Street, N.W.
Washington, DC 20006
(202) 973-8800

Brian J. Levy
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
(212) 999-5800

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ Pilar G. Kraman*
David C. McBride (No. 408)
Martin S. Lessner (No. 3109)
Pilar G. Kraman (No. 5199)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
dmcbride@ycst.com
mlessner@ycst.com
pkraman@ycst.com

*Attorneys for Defendant*

### CERTIFICATE OF SERVICE

I, Pilar G. Kraman, hereby certify that on October 7, 2022, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> David L. Finger, Esquire
> Finger & Slanina, LLC
> One Commerce Center
> 1201 N. Orange St., 7th Floor
> Wilmington, DE  19801
> *dfinger@delawgroup.com*
>
> *Attorney for Plaintiff*

I further certify that on October 7, 2022, I caused the foregoing document to be served via electronic mail upon the above-listed counsel.

| | |
|---|---|
| Dated:  October 7, 2022 | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| | */s/ Pilar G. Kraman* |
| | David C. McBride (No. 408) |
| | Martin S. Lessner (No. 3109) |
| | Pilar G. Kraman (No. 5199) |
| | Rodney Square |
| | 1000 N. King Street |
| | Wilmington, Delaware 19801 |
| | *dmcbride@ycst.com* |
| | *mlessner@ycst.com* |
| | *pkraman@ycst.com* |
| | |
| | *Attorneys for Defendant* |