UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

JAMES R. ADAMS,
V.                                                                                  C.A. No. 20-1680 (MN)
HON. JOHN CARNEY.

### MOTION AND PLEADING TO INTERVENE

COMES NOW, Joseph M. Walls, who moves this Court, pursuant to Rule 24, to intervene as a matter of right and as a matter of discretion, in the above action, for the following reasons.

#### A.    TIMING OF MOTION

1. On September 23, 2022, this Court denied Defendant's motion to dismiss.[1]
2. This case is now ripe for intervention by individuals whose rights will be affected by the final disposition by this court.

#### B.    INTERVENTION RULE SATISFIED

3. Mr. Walls "must be permitted" to intervene because Mr. Walls' interests in enforcement of the "subject of the action" "may as a practical matter" be "impair[ed] or impede[d]" and Mr. Walls' interest are not being protected by Mr. Adams or Governor Carney.[2] Fed.R.Civ.P. 24.

#### 1.    INTERVENER'S INTEREST

4. Mr. Walls is a citizen of Delaware and has specific and actionable interests in having his criminal and civil litigation being decided by Delaware State Judges and Justices who are legally appointed as required by the United States Constitution.[3]
5. In addition, as a founding member of the Jailhouse Lawyers Association (collectively referenced as Mr. Walls), Mr. Walls has an interest in protecting the specific and actionable rights of all JLA members to litigate

---

[1] Adams v. Carney, 2022 U.S. Dist. LEXIS 172377 (Sept. 23, 2022).
[2] In re community Bank of Northern Virginia, 418 F.3d 277, 314 (3rd Cir. 2005)(citation omitted).
[3] Lucia v. SEC, 138 S.Ct. 2044, 2055-56 (2018)("appointments violation," "entitled to remedy")(citing decisions).

1

before Delaware State Judges and Justices who are legally appointed as required by the United States Constitution.[4]

## 2. SUBJECT OF ACTION

6. Both this court and the 3rd Circuit Court of Appeals have decided that the Del.Const. Art. IV, sec. 3 parts 1-3 (the "Political Balance Requirement") violated the U.S. Const. Amend. 1. (n. 1, supra.).
7. As a practical matter, these courts have decided that all Delaware State Court Judges and Justices, who were appointed under the present version of Del.Const. Art. IV, sec. 3, parts 1-3, were illegally appointed.

## 3. INTERESTS TO BE PROTECTED

8. "As a practical matter" when the courts struck down Del.Const. Art. IV, sec. 3, parts 1-3, the courts thereby voided the authority of all Delaware state Judges and Justices of the Superior Court, Chancery Court, and Supreme Court to occupy their offices, to receive tax funded compensation, to conduct trials, or to decide matters brought before them because, since they suffer from an "appointments violation, they, and their compensation, and their actions, are null and void."[5]
9. On January 26, 2019, Mr. Walls became aware that, during the course of the litigation before this Court, a deposition of Mr. Adams became part of the record before the 3rd Circuit Court which proves that the Delaware legal community and especially the Delaware Department of Justice and Delaware Judges and Justices, were aware that Judges and Justices sitting on the Delaware State Courts knew that they were appointed illegally or in violation of the U.S. Constitution (A-1 to A-6).[6]
10. In Lucia (at 2054, n.5), the Court Ordered that the "appropriate remedy for an adjudication tainted with an appointments violation is a new 'hearing before a properly appointed' official."[7] Thus, under Lucia, Courts (like the

---

[4] Del. State Sportsman's Ass'n v. Garvin, 2018 Del.Super. LEXIS 438, pp. 9-16 (Oct. 11, 2018)(adopting and explaining federal requirements for association standing)(citing federal cases).
[5] Lucia, at 2055, n. 5 (entitled to remedy).
[6] Citing to Joel Friedlander, "Is Delaware's 'Other Major Political Party' Really Entitled to Half of Delaware's Judiciary", Arizona Law Review, Vol. 58:1139 (2016).
[7] Citing Ryder V. U.S., 515 U.S. 177, 185, 188 (1995).

2

Delaware District Court in this case) are required to vacate all actions by Judges and Justices "tainted with an appointments violation."[8]

11. Under Delaware State law, there is no vested right to any benefits derived from appointments that are illegal or in violation of the law, and any unjust enrichment derived therefrom must be subject to claw back.[9]

### 4. IMPAIR/IMPEDE RIGHTS

12. At present, Mr. Adams and Gov. Carney are not protecting the interests of Mr. Walls in the following manner:
    a. They have not sought that all Judges and Justices who were illegally appointed under Del.Const. Art. IV, sec. 3, parts 1-3 vacate their positions.
    b. They have not sought the claw back of all compensation and benefits that were obtained by such illegally appointed Judges and Justices; and
    c. They have not sought to invalidate all actions taking by such illegally appointed Judges and Justices.
13. The issue of whether Del. Const. Art. IV, sec. 3, parts 1-3 is unconstitutional has been decided by this Court – that it is unconstitutional.
14. Since Del. Const. Art. IV, sec. 3, parts 1-3 are unconstitutional, all appointments thereunder were and are unconstitutional, and, therefore:
    a. All appointments thereunder are null and void.
    b. All compensation and benefits derived thereunder must be clawed back to the taxpayers of Delaware; and
    c. All trials and decisions, in civil and criminal matters were rendered without jurisdiction and must be vacated.

### 5. REPRESENTATION NOT ADEQUATE

15. Mr. Adams has sought only the very limited remedy of a ruling that Del. Const. Art. IV, sec. 3 is unconstitutional (implicitly rendering Mr. Adams eligible for a Delaware Court appointment as a registered independent).

---

[8] Compare the results from Lucia's Order reported at Rubin, G.T. (8/24/18). SEC Starts Over on Cases with In-House Judges. The Wall Street Journal, p. B-10 ("resulting cases will mean a significant amount of duplicative paperwork ... the SEC's In-House Courts generated little controversy for decades" until Lucia was decided).

[9] Willis v. City of Rehobeth Beach, 2005 Del.Super. LEXIS 224 (6/24/05)(does not confer vested right); Rufus v. Ramsey, 2004 Del. Super. LEXIS 112 (4/13/04)(equitable considerations require that remedy for unjust enrichment is clawback).

16. Mr. Adams has shown no interest in seeking the complete remedies that Mr. Adams, and by extension Mr. Walls are entitled to under this Court's and the 3rd Circuit Court's Adams decisions (see para. 12-14, supra.).
17. Gov. Carney is required by the Delaware Constitution Art. III, sec. 17 to enforce the laws of Delaware, including the order of the federal courts.
18. Gov. Carney has demonstrated an antagonism towards Gov. Carney's constitutional obligations to enforce the federal courts' Adams Orders.
19. Thus, Gov. Carney cannot be relied upon to seek the complete remedies that Mr. Walls are entitled to under the federal Courts' Adams Orders.[10]
20. Once this Court resolves Mr. Adams' limited remedy, the broader remedies specified herein (para. 12-14, supra.) will be foreclosed from future litigation under the doctrine of res judicata or collateral estoppel.
21. This Court should not be expected to suffer the thousands of individual civil rights actions that will be filed to enforce individual broader entitlements under the federal courts' Adams Orders. (n. 2, supra.).

## CONCLUSION

For the above reasons, Mr. Walls requests that he be permitted to intervene in this case to protect Mr. Walls' and the members of the Jailhouse Lawyers Association interests, and to obtain the complete relief entitled to under this Courts' and the 3rd Circuit Courts' Orders as specified within para. 12-14, supra.

With Peace,

*/s/ Joseph M. Walls*  10/31/2022
Joseph M. Walls
26A W. South Street
Smyrna, DE 19977

xc: Mr. David McBride, Esq. (Defendant, Lead Attorney)
Mr. David L. Finger, Esq. (Plaintiff, Lead Attorney)
Mr. Emeka Igwe, Esq.
Mr. Raj Srivatsan, Esq.
Ms. Julianne Murray, Esq.

---

[10] In re: Request for an Opinion of the Justices, 155 A.3d 371, 373-74, n. 1 (Del. 2017)("we do not see how any judicial appointments you make ... as a matter of your discretion can be upset after the fact ... to the extent that you, by duty or choice" continue to make appointments under Del. Const. Art. IV, sec. 3).

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

JAMES R. ADAMS,
V.                                                       C.A. No. 20-1680 (MN)
HON. JOHN CARNEY.

### CERTIFICATE OF MAILING

I, Joseph M. Walls, do hereby certify that a copy of this Motion and Pleading to Intervene and attached exhibits has been served by United States Postal Service on this date upon the interested parties listed below:

Mr. David McBride, Esq.  
1000 N. King Street  
Wilmington, DE 19801

Mr. David L. Finger, Esq.  
1201 N. Orange Street  
Wilmington, DE 19801

Mr. Emeka Igwe, Esq.  
1201 N. Orange Street  
Wilmington, DE 19801

Mr. Raj Srivatsan, Esq.  
1201 N. Orange Street  
Wilmington, De 19801

Mrs. Julianne Murray, Esq.  
215 E. Market Street  
Georgetown, DE 19947

Sworn to and signed this 17th day of October, 2022.

With Peace,

*[signature]* 10/31/2022

Joseph M. Walls  
26A W. South Street  
Smyrna, DE 19977

5