IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES R. ADAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 20-1680-MN |
| | ) |
| THE HON. JOHN CARNEY, | ) |
| Governor of the State of Delaware, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S AND DEFENDANT'S JOINT OPPOSITION TO THE
MOTION OF JOSEPH M. WALLS TO INTERVENE**

The parties hereby submit this joint opposition to the "Motion and Pleading to Intervene" (the "Motion") filed by Joseph M. Walls ("Walls"). (D.I. 47).

I.   **BACKGROUND**

1. Plaintiff alleges that Delaware's method of nominating judges pursuant to the major party provisions of Article IV, § 3 of the Delaware Constitution violates his rights under the Constitution of the United States. Walls, however, seeks to intervene "as a matter of right and as a matter of discretion" to have: (i) all judicial appointments made under Article IV, § 3 declared "null and void"; (ii) "all compensation and benefits derived thereunder . . . be clawed back to the taxpayers of Delaware"; and (iii) "all trials and decisions, in civil and criminal matters" be deemed "rendered without jurisdiction" and "vacated." (D.I. 47, ¶14).

2. This is not Walls' first attempt to insert himself into this dispute. In the prior related action, the District Court twice rejected Walls' motions to intervene (*Adams v. Carney*, No. 17-181-MPT, D.I. 70, 71, 87, 88). Walls appealed the District Court's decision. *Adams v. Governor of Delaware*, C.A. No. 19-1617 (3d Cir.). In the Order and Mandate modifying, but affirming, the District Court's first order, the Third Circuit confirmed that the District Court could have exercised

its authority to transfer Walls' motion to the Third Circuit, as the final order was then pending before it, but "there was no reason" to, as Walls "failed to establish that he was entitled to intervene in this case." *Adams v. Carney*, No. 17-181-MPT, D.I. 89 (modifying February 27, 2019, order so that its denial was "for lack of jurisdiction (instead of untimeliness)"). Likewise, here, Walls has no right to intervene, and the Court should deny his latest attempt to do so.

## II. ARGUMENT

3. Walls' motion for intervention fails whether styled as a motion to intervene as a matter of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure or a motion to intervene as a matter of discretion under Rule 24(b)(1)(B).

### A. Walls May Not Intervene as a Matter of Right

4. In order to intervene by right, Walls must be given "an unconditional right to intervene by federal statute" or claim a sufficient interest in the litigation. Fed. R. Civ. P. 24(a)(1)(2). Walls does not claim that he has an unconditional right to intervene, and he fails to establish that he has a sufficient interest in the litigation.

#### i. Walls Lacks Standing

5. As a preliminary matter, because Walls concedes that he seeks "broader remedies" in his motion to intervene than Plaintiff seeks in this action (D.I. 47, ¶ 20), he must establish constitutional standing to bring such claims. *Wayne Land and Mineral Grp., LLC v. Delaware River Basin Comm'n*, 959 F.3d 569, 570-71 (3d Cir. 2020) ("[P]utative intervenors of right under Federal Rule of Civil Procedure 24(a)(2)...must demonstrate constitutional standing for each claim they wish to bring if the claim would result in relief different from that which the plaintiff seeks") (citing *Town of Chester v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1651 (2017)).

6. To have standing, Walls must

> have suffered an "injury in fact" – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly traceable to the challenged action of the defendant, and not the result [of] the independent action of some third party not before the court." Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Adams v. Carney*, 2022 WL 4448196 at *5 (D. Del. Sept. 23, 2022) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

7. Walls' claim is not concrete and particularized. He does not identify any injury he himself has suffered, is suffering or will suffer in the foreseeable future. He does not explain how *his* constitutional rights have been impaired. Rather, he seeks to piggy-back on Plaintiff's claimed constitutional injury. As such, any injury is speculative, amounting to nothing more "than mere generalized grievances of [a] concerned citizen[]." *Pennsylvania Prison Soc. v. Cortes*, 508 F.3d 156, 164 (3d. Cir. 2007) (citations omitted).

8. Further, Walls' references to the Jailhouse Lawyers Association ("JLA") do not establish standing. Though he requests intervention in part to "protect the members of the [JLA's] interests," he does not explain what the JLA is or consists of, much less any particularized injury it has suffered or whether he could properly intervene on the JLA's behalf if such injury existed. Regardless, assuming that the title of the organization is descriptive, a decision from the Court in this action will not affect the rights of jailhouse lawyers in any event. Rather, those suffering the injury, if any, would be the defendants in any affected lawsuits and prosecutions, not the jailhouse lawyers.

9. Moreover, a decision in favor of Plaintiff in this case would not entitle Walls to the relief he seeks. Walls appears to want to set aside all judicial rulings since 1891, when the judicial selection provisions of Article IV, Section 3 of the Constitution of the State of Delaware were

adopted, as well as having all current judges return their emoluments of office. He is not entitled to such relief.

10. Once appointed and confirmed, a judge has a vested right to his or her office, and the other branches of government cannot deny him that absent a constitutional provision.[1] *Marbury v. Madison*, 5 U.S. 137, 172 (1803). Further, when a judicial decision affects a vested right, it cannot act retroactively. *Rosebud Sioux Tribe v. State of South Dakota*, 900 F.2d 1164, 1173 (8th Cir. 1988); *In re Chernich*, 87 B.R. 101, 106 (9th Cir. BAP 1990). In sum, Walls seeks retrospective remedies involving judicial tenure and emoluments to which he is not entitled and which he has no standing to assert.

### ii. Walls Fails to Establish a Sufficient Interest in the Litigation

11. In order to intervene as a matter of right under Rule 24(a)(2), Walls must show: "(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation." *Wharton v. Danberg*, 2014 WL 4925227 at *1 (D. Del. Sept. 29, 2014) (denying another Walls motion to intervene) (citing *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 969 (3d Cir. 1998)).

12. For the same reasons he lacks standing, Walls cannot establish an interest that "is specific to [him], is capable of definition, and will be directly affected in a substantially concrete fashion by the relief sought" as he must under Rule 24(a)(2). *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995); *see also Consumer Fin. Prot. Bureau v. Nat'l Collegiate Master Student Trust*, 2018 WL 5095666 at *3 (D. Del. Oct. 19, 2018)

---

[1] Removal of judges is governed by the Delaware Constitution. Del. Const. Art. III, § 13, Art. IV, §37, Art. VI, § 2 & Art. XV, § 6.

("When interests are merely economic, indefinite, remote, or attenuated, the interest is not sufficient").

14. Consequently, denial of the Motion would not impair Walls' ability to protect his interest. Indeed, if the Court finds in favor of Plaintiff, then Walls is free to bring a separate action under that ruling to seek the remedies he desires. As such, Walls will not suffer any prejudice as a result of the denial of his motion. *In re Holocaust Victim Assets Litig.*, 225 F.3d 191, 199 (2nd Cir. 2000).

### B. Walls May Not Intervene as a Matter of Discretion

14. Walls' motion fares no better under Rule 24(b)(1)(B), which provides for permissive intervention where the movant "has a claim or defense that shares with the main action a common question of law or fact." *Wharton*, 2014 WL 4925227, at *1 (citations omitted); *see also* Fed. R. Civ. P. 25(b)(1)(B). In exercising its discretion under Rule 25(b)(1)(B), "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Id.*

15. The parties in this case agree that Walls' Motion fails to set forth a claim that shares a common question of law or fact with Plaintiff's claims or Defendant's defenses. As such, addressing the broad retroactive relief Walls seeks would unduly delay this proceeding, particularly because the parties have already briefed, argued, and received an opinion on a motion to dismiss that did not address Walls' arguments, and they are ready to proceed with litigation of the claims and defenses actually at issue. Accordingly, the Court should deny the motion.

### III. CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiff and Defendant respectfully submit that the motion to intervene should be denied.

Dated: November 14, 2022

| | |
|---|---|
| FINGER & SLANINA, LLC | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| */s/ David L. Finger*_____ | */s/ Pilar G. Kraman*_____ |
| David L. Finger (No. 2556) | David C. McBride (No. 408) |
| One Commerce Center | Martin S. Lessner (No. 3109) |
| 1201 North Orange Street, 7th Floor | Pilar G. Kraman (No. 5199) |
| Wilmington, DE 19801 | Rodney Square |
| (302) 573-2524 | 1000 North King Street |
| dfinger@delawgroup.com | Wilmington, DE 19801 |
| | (302) 571-6600 |
| *Attorney for Plaintiff* | dmcbride@ycst.com |
| | mlessner@ycst.com |
| | pkraman@ycst.com |
| | |
| | *Attorneys for Defendant* |

Dated: November 11, 2022

## CERTIFICATE OF SERVICE

I, David L. Finger, hereby certify that on this 14th day of November, 2022, I caused the foregoing document to be served[2] as follows:

**Via first-class mail, postage prepaid**
Mr. Joseph M. Walls (pro se)
26 A. West South Street
Smyrna, DE 19977

**Via CM/ECF**
David C. McBride, Esq.
Young, Conaway, Stargatt & Taylor, LLP
Martin S. Lessner, Esq.
Pilar G. Kraman, Esq.
Rodney Square
1000 North King Street
Wilmington, DE 19801

/s/ David L. Finger
David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 N. Orange St., 7th floor
Wilmington, DE 19801-1186
(302) 573-2525

---

[2] The Certificate of Service for Mr. Walls' motion identifies several individuals who are neither parties to this action nor counsel who have entered an appearance in this action, and so are not included here.