IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE



JAMES R. ADAMS,

V.  C.A. No. 20-1680-MN

THE HON. JOHN CARNEY,
Governor of the State of Delaware

### RESPONSE TO OPPOSITION TO THE MOTION TO INTERVENE

COMES NOW, Joseph M. Walls, who provides the following response to the "Plaintiff's and Defendant's Joint Opposition to the Motion of Joseph M. Walls to Intervene" (D.I. 51), dated November 14, 2022 and who requests that the court does grant the motion to intervene.

#### A.   ISSUES RAISED IN OPPOSITION ARE MERETLESS

1. The Opposition filed by the parties argues that Mr. Walls' motion should not be granted, because:

    a. Mr. Walls "fails to establish that he has a sufficient interest in the litigation" (para. 4);

    b. "any injury is speculative, amounting to nothing more 'than mere generalized grievances of [a] concerned citizen" (para. 7);

    c. The "Jailhouse Lawyers Association" does not have "standing" because Mr. Walls "does not explain what the JLA is or constists of, much less any particularized injury it has suffered or whether he could properly intervene on the JLA's behalf", and that "this action will not affect the rights of jailhouse lawyers in any event." (para. 8);

    d. "a judge has a vested right to his or her office" and that any decision by this court "cannot act retroactively" (para. 10);

1

    e. "denial of the Motion would not impair Walls' ability to protect his interest" because "if the court finds in favor of Plaintiff, then Walls is free to bring a separate action under that ruling to seek the remedies he desires" (para. 13);

    f. "Walls' Motion fails to set forth a claim that shares a common question of law or fact with Plaintiff's claims or Defendant's defenses … addressing the broad retroactive relief Walls seeks would unduly delay this proceeding" (para. 15).

2. Mr. Walls' <u>Motion</u> has already addressed each of the Opposition's claims. The Opposition has not raised anything new. Thus, there is no need to rehash what has already been put before the court. However, Mr. Walls will add the following.

### B.    MULTIPLICITY OF LAWSUITS IS TO BE AVOIDED

3. The federal case law is clear that when a federal court finds that any official, including judges, are found to have been appointed in violation of the federal constitution (as opposed to the state constitution) and that at the time of the appointment they had knowledge that their appointment was unconstitutional, then they are sitting illegally and any decisions that they make are null and void. <u>Motion</u>, para. 8-11 (citing case law).

4. In the federal decisions made in this case, the courts have repeatedly ruled that <u>Del.Const</u>. Art. IV, sec. 3 violates the federal constitution and must be stricken. See prior federal court decisions (most recently in <u>Adams v. Carney</u>, 2022 U.S. Dist. LEXIS 172377 (Sep. 23, 2022).

5. There is already proof in the record that, prior to their appointment, Judges knew that their appointment was in violation of the federal constitution. See Motion, para. 9, citing case law and Plaintiff's deposition.

6. Thus, in spite of the parties' best efforts to hide this truth, this court must take notice of the uncontested fact that (a) Delaware state judges appointed since the 1951 knew that their appointments were in violation of the federal constitution and (b) those judges accepted their appointments with a code of silence.

7. Now, it appears, both the Plaintiff and Defendant argue to this court: so what, this court cannot do anything about it. Well, that is just wrong.

8. Decisions of the courts are not rendered in a vacuum, what is decided has consequences for the parties to the lawsuit but also for others who are not parties to the lawsuit. Yes, Mr. Adams and Gov. Carney fall into the former camp. But, also yes, Mr. Walls falls into the later camp.

9. Adams is one of those decisions (like voting rights, abortion, search and seizure, etc.) which can not be isolated to a single Plaintiff or Defendant.

10. Both Plaintiff and Defendant now argue that, yea, so what, "denial of the Motion would not impair Walls' ability to protect his interest" because "if the court finds in favor of Plaintiff, then Walls is free to bring a separate action under that ruling to seek the remedies he desires" (para. 13). Really? What would it have been like for the courts if each individual deprived of their right to vote had to "bring a separate action" or if each individual deprived of their right to an abortion had to "bring a separate action" or if each individual deprived of their right to be free from unreasonable searches had to "bring a separate action?"

11. Does this district court really want to suffer the burden of thousands of "separate" lawsuits, having to be forced to relitigate the same issues over and over and over again.

## CONCLUSION

It is up to this court to do the right thing. If the court wants thousands of individuals "to bring a separate action" to enforce the court's <u>Adams</u> decisions than that is what will happen.

We are not going away. The Parties will either deal with us now or they will deal with us later, again and again and again.

For these reasons, Mr. Walls respectfully requests that:

1. Mr. Walls be granted standing to intervene in this case to ensure that Mr. Walls' right to have had his litigation before the Delaware courts presided over by legally appointed judges and a remedy for the violation of Mr. Walls' right to do so; or

2. direct the Plaintiff and Defendant to do so on behalf of Mr. Walls and the thousands of other aggrieved citizens of Delaware citizens who can and will "bring a separate action" if intervention is denied.

With Peace,

Joseph M. Walls    12/5/2022
26A W South Street
Smyrna, DE 19977

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JAMES R. ADAMS,

V.  C.A. No. 20-1680-MN

THE HON. JOHN CARNEY,
Governor of the State of Delaware

## CERTIFICATE OF SERVICE

I, Joseph M. Walls, hereby certify that on this 5th day of December, 2022, I caused the foregoing document to be served as upon the parties by email and U.S. Mail:

Mr. David L. Finger, Esq.
1201 N. Orange Street
Wilmington, DE 19801
    by dfinger@delawgroup.com

Mr. David McBride, Esq.
1000 N. King Street
Wilmington, DE 19801
    by dmcbride@yest.com

Clerk
U.S. District Court
District of Delaware
844 N. King Street
Wilmington, DE 19801-3555
    by U.S. Mail

Sworn to and signed this 5th day of December 2022.

*/s/ Joseph M. Walls/*

Joseph M. Walls
26A W. South Street
Smyrna, DE 19977

5

Joseph M. Watts
26A W. South St.
Smyrna, DE 19977



FILED
DEC 12 2022
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Clerk
U.S. District Court
District of Delaware
844 N. King Street
Wilmington, DE 19801-3555