IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES R. ADAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 20-1680-MN |
| | ) |
| THE HON. JOHN CARNEY, | ) |
| Governor of the State of Delaware, | ) |
| | ) |
| Defendant. | ) |

### STIPULATED CONSENT JUDGMENT AND ORDER

The Court, upon the consent and request of Plaintiff James R. Adams ("Plaintiff") and Defendant The Honorable John C. Carney ("Governor Carney"), hereby issues the following Stipulated Consent Judgment and Order:

### STIPULATIONS OF THE PARTIES

1.  Article IV, Section 3 of the Delaware Constitution grants to the Governor of the State of Delaware, subject to the consent of the Senate of the State of Delaware, the power to appoint certain judicial officers:

> The Chief Justice and Justices of the Supreme Court, the Chancellor and Vice-Chancellors of the Court of Chancery, the President Judge and Judges of the Superior Court, the Chief Judge and Judges of the Family Court, the Chief Judge and Judges of the Court of Common Pleas, and the Chief Magistrate of the Justice of the Peace Court shall be appointed by the Governor, by and with the consent of a majority of all the members elected to the Senate, for a term of 12 years each, and the persons so appointed shall enter upon the discharge of the duties of their respective offices upon taking the oath of office prescribed by this Constitution.

2. Article IV, Section 3 of the Delaware Constitution sets forth several paragraphs that impose limitations on the party affiliation of candidates for judicial office. Three of those paragraphs are listed below.

> First, three of the five Justices of the Supreme Court in office at the same time, shall be of one major political party, and two of said Justices shall be of the other major political party.

> Second, at any time when the total number of Judges of the Superior Court shall be an even number not more than one-half of the members of all such offices shall be of the same political party; and at any time when the number of such offices shall be an odd number, then not more than a bare majority of the members of all such offices shall be of the same major political party, the remaining members of such offices shall be of the other major political party.

> Third, at any time when the total number of the offices of the Justices of the Supreme Court, the Judges of the Superior Court, the Chancellor and all the Vice-Chancellors shall be an even number, not more than one-half of the members of all such offices shall be of the same major political party; and at any time when the total number of such offices shall be an odd number, then not more than a bare majority of the members of all such offices shall be of the same major political party; the remaining members of the Courts above enumerated shall be of the other major political party.

3. These paragraphs impose two different types of limitations on the appointment power of the Governor of the State of Delaware. The first will be referred to herein as the "bare majority" requirement. As set forth in paragraph "First" and paragraph "Second" listed above, for both the Delaware Supreme Court and the Delaware Superior Court, there cannot be more than a "bare majority" of judicial officers on those courts of the same political party. Additionally, as set forth in paragraph "Third," there cannot be more than a bare majority of judicial officers

from one political party in the total number of judicial officers on the Delaware Supreme Court, the Delaware Court of Chancery, and the Delaware Superior Court combined.

4. The second type of limitation on the appointment power of the Governor of the State of Delaware, set forth in the final clause of each of paragraphs First, Second and Third, above, provides that, in addition to the "bare majority" requirement, all other judicial officers on the Delaware Supreme Court, the Delaware Court of Chancery, and the Delaware Superior Court be of a "major political party." This second form of restriction will be referred to herein as the "major political party" restriction.

5. A "bare majority" requirement has been a part of the Delaware Constitution since 1897. The drafters of the 1897 Constitution included language aimed at ensuring that the judiciary "not be dominated by appointees of one political party." *See* Joseph T. Walsh & Thomas J. Fitzpatrick, Jr., Judiciary Article IV, in *The Delaware Constitution of 1897: The First One Hundred Years* at 134 (1997). The Constitution as adopted in 1897 provided, at Article IV, Section 2, for the appointment of six State judges, consisting of one Chancellor, and five law judges, one of whom would be the Chief Justice:

> The said appointments shall be such that no more than three of the said five law judges, in office at the same time, shall have been appointed from the same political party.

6. The "major political party" restriction upon the Governor of the State of Delaware's ability to appoint judges was adopted by a constitutional amendment enacted by the Delaware Legislature in 1951. 48 Del. Laws, 116th, Chapter 109 (1951). Accordingly, the "bare majority" requirement was an element of the Delaware Constitution for more than fifty years before the addition of the "major political party" restriction that is imposed upon three of the courts by the final clause of each of paragraphs First, Second and Third of Article IV, Section 3.

7. Additionally, as set forth in two paragraphs in Article IV, Section 3 of the Constitution of the State of Delaware, following the paragraphs quoted above, a "bare majority" requirement is currently applicable to the Family Court and to the Court of Common Pleas, but without any corresponding "major political party" restriction.

8. On February 21, 2017, Plaintiff filed an action against Governor Carney in his official capacity as Governor of the State of Delaware, not in Governor Carney's individual capacity, challenging the constitutionality of both the "bare majority" requirements and the "major political party" restriction of the Delaware Constitution. The United States District Court for the District of Delaware and the United State Court of Appeals for the Third Circuit both issued rulings generally in favor of Plaintiff. *Adams v. Carney*, 2017 WL 6033650 (D. Del. Dec. 6, 2017), *aff'd in part, rev'd in part*, 922 F.3d 166 (3d Cir. 2019). On December 10, 2020, the United States Supreme Court held that Plaintiff lacked standing to challenge either provision of the Delaware Constitution. *Carney v. Adams,* 141 S.Ct. 493 (2020), *reversing* 922 F.3d 166 (3d Cir. 2019).

9. On December 10, 2020, Plaintiff brought this action against Governor Carney in his official capacity as Governor of the State of Delaware, not in the Governor Carney's individual capacity, challenging the constitutionality of the "major political party" restriction of the Delaware Constitution.

10. On September 23, 2022, the U.S. District Court for the District of Delaware denied Governor Carney's motion to dismiss for Plaintiff's lack of standing and the Court's lack of subject matter jurisdiction. *Adams v. Carney*, 2022 WL 4448196 (D. Del. Sept. 23, 2022).

11. Plaintiff in this action does not challenge or seek any judicial relief regarding the "bare majority" requirement for any court, because without a corresponding "major political

party" restriction, a "bare majority" requirement imposes no limit on the ability of the Governor of the State of Delaware to appoint more than a majority of applicants for judicial office to a particular court who are not members of one of the two major political parties; and the "bare majority" requirement, in the absence of the "major political party" restriction, does not place any limits on the number of applicants who are not members of a major political party who could be appointed to sit on any court subject to the "bare majority" requirement.

12. Governor Carney maintains that the State of Delaware has a vital and longstanding interest in avoiding partisan domination of its judiciary, and that the "bare majority" requirements of Article IV, Section 3 are narrowly tailored to serve that interest, and can operate to serve that interest without risk of violating the United States Constitution's protections afforded to candidates for judicial office affiliated with third parties or not affiliated with any political party. In this action, Plaintiff is not challenging that position of Governor Carney.

## CONSENT JUDGMENT AND ORDER

Accordingly, based upon a review of the claims and defenses asserted in this action, and upon the Stipulations of the Parties set forth above, and upon consent and request of the parties,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS**:

1. This Court has subject matter jurisdiction over this action and personal jurisdiction over all of the parties to this action.

2. The "major political party" restriction upon the judicial appointment power of the Governor of the State of Delaware, found in the final clause of each of the three paragraphs in Article IV, Section 3 of the Delaware Constitution set forth above, is in violation of the rights under the First Amendment as applicable to the state through the Fourteenth Amendment to the United States Constitution of potential applicants for judicial office on the Supreme Court, the

Superior Court and/or the Court of Chancery who are unaffiliated with either major political party. Accordingly, the "major political party" restriction upon the judicial appointment power of the Governor of the State of Delaware is unenforceable to the extent it would preclude a person unaffiliated with a major political party from becoming a member of one of the foregoing courts.

3. The "bare majority" requirements of Article IV, Section 3 of the Delaware Constitution remain enforceable. Accordingly, appointments: (i) for Justices of the Supreme Court of the State of Delaware; (ii) for Judges of the Superior Court of the State of Delaware; and (iii) for the total number of offices of the Justices of the Supreme Court, the Judges of the Superior Court, the Chancellor and all the Vice-Chancellors, shall be such that there shall not be in office at the same time more than a bare majority of appointments from the same political party.

4. Nothing in this Consent Judgment and Order shall be interpreted to affect in any way or be deemed a waiver of any arguments regarding the constitutionality of the "bare majority" requirements.

5. Nothing in this Consent Judgment and Order shall be interpreted to affect in any way or be deemed a waiver of any arguments Governor Carney might make in the future regarding his discretionary authority in selecting judges independent of the mandatory requirements of Article IV, Section 3 of the Delaware Constitution.

6. This Consent Judgment and Order operates as *res judicata* to the same extent as if it had been rendered after contest and full hearing and is binding and conclusive upon the parties and those in privity with them.

7. In accordance with this Order and 42 U.S.C. §1988, Plaintiff is awarded his costs and reasonable attorneys' fees in the amount of $27,389.00.

8.  Plaintiff waives any current or future claims based on Article IV, Section 3 of the Delaware Constitution, except to the extent necessary to enforce this Consent Judgment and Order.

9.  This Consent Judgment and Order shall resolve this above-captioned action.

10. The Clerk of the Court is directed to enter this Judgment.

Dated: January 30, 2023

| FINGER & SLANINA, LLC | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
|---|---|
| */s/ David L. Finger* | */s/ Martin S. Lessner* |
| David L. Finger (No. 2556) | David C. McBride (No. 408) |
| One Commerce Center | Martin S. Lessner (No. 3109) |
| 1201 North Orange Street, 7th Floor | Pilar G. Kraman (No. 5199) |
| Wilmington, DE 19801 | Kevin P. Rickert (No. 6513) |
| (302) 573-2524 | Rodney Square |
| dfinger@delawgroup.com | 1000 North King Street |
|  | Wilmington, DE 19801 |
| *Attorney for James R. Adams* | (302) 571-6600 |
|  | dmcbride@ycst.com |
|  | mlessner@ycst.com |
|  | pkraman@ycst.com |
|  | krickert@ycst.com |
|  | *Attorneys for The Hon. John C. Carney* |

SO ORDERED this 30th day of January 2023.

*[signature: Maryellen Noreika]*
The Honorable Maryellen Noreika
United States District Judge